UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **KENNETH M. CRADDOCK, II,** | ) | CASE NOs. 5:11CV1282; |
| | ) | 5:11CV1283; 5:11CV1284; |
| Plaintiff, | ) | 5:11CV1736 |
| | ) | |
| vs. | ) | |
| | ) | JUDGE SARA LIOI |
| **MIDLAND CREDIT** | ) | |
| **MANAGEMENT, INC.,** | ) | MEMORANDUM OPINION & |
| | ) | ORDER |
| Defendant. | ) | |
| | ) | |

Before the Court is the Report and Recommendation ("R&R")[1] of Magistrate Judge George J. Limbert filed in the above captioned cases on September 28, 2011, which recommends dismissal of the *pro se* plaintiff Kenneth M. Craddock ("plaintiff")'s actions with prejudice due to his repeated failures to appear at proceedings before the Court. In addition, before the Court is defendant Midland Credit Management, Inc. ("defendant")'s response[2] to the Court's show cause orders[3] of September 16, 2011. Plaintiff has not filed objections to the R&R, nor has he filed a response to the Court's show cause orders. For the reasons that follow, the R&R is **ACCEPTED** and the complaints in these actions are **DISMISSED WITH PREJUDICE**.

Plaintiff filed the instant actions in the small claims division of the Wayne County Municipal Court, in Orrville, Ohio, seeking damages for alleged violations of the Fair Debt

---

[1] Doc. 15 in cases 5:11CV1282; 5:11CV1283; and 5:11CV1284. Doc. 13 in case 5:11CV1736.
[2] Doc. 16 in case 5:11CV1282; 5:11CV1283; and 5:11CV1284. Doc. 14 in case 5:11CV1736.
[3] Doc. 14 in cases 5:11CV1282; 5:11CV1283; and 5:11CV1284. Doc. 12 in case 5:11CV1736.

Collection Practices Act (FDCPA), 15 U.S.C. §§ 1692-1692p. Defendant removed the actions to this Court on the basis of original federal question jurisdiction pursuant to 28 U.S.C. § 1331.

On August 24, 2011, the Court was prepared to hold a scheduled Case Management Conference ("CMC"). An hour before the CMC was to occur, plaintiff phoned the Court to say that he would not be attending. The Court immediately arranged a telephone conference with plaintiff and counsel for defendant (who was already en route to the CMC) and explained to plaintiff that it was unacceptable for him not to appear for the CMC and other Court hearings. The Court admonished plaintiff for his failure to appear and advised him that the further failure to appear at scheduled hearings would result in sanctions up to and including dismissal of all of his pending claims and cases. The Court rescheduled the CMC for September 16, 2011. Additionally, the Court instructed the parties to consider mediation, and they were given a deadline of August 26, 2011 to communicate their decision to the Court.

On September 12, 2011, upon agreement of the parties, the Court referred these matters to Magistrate Judge Limbert for mediation. On September 13, 2011, Magistrate Judge Limbert issued an order scheduling the mediation for September 28, 2011. The scheduling order directed the parties to submit mediation statements one week in advance of the mediation, however, plaintiff did not do so.

On September 16, 2011, the Court was prepared to hold the previously rescheduled CMC; however, both parties failed to appear. That same day, the Court issued an order, requiring plaintiff to show cause in writing on or before October 7, 2011, explaining why he failed to appear for the rescheduled CMC, why the Court should not sanction him for that failure, and why his cases should not be dismissed for want of prosecution. The Court warned

plaintiff that the failure to show good cause could result in the imposition of sanctions, up to and including dismissal. Additionally, the Court ordered defendant to show cause in writing on or before October 7, 2011, as to why the Court should not admonish defendant for its failure to appear at the rescheduled CMC.

On September 28, 2011, Magistrate Judge Limbert was prepared to conduct the scheduled mediation, however, once again plaintiff failed to appear. The Court attempted to contact plaintiff by phone, but there was no answer at his residence. The Court's courtroom deputy left a voice mail message for plaintiff, yet plaintiff never returned the call.

The very same day, the Magistrate Judge filed an R&R recommending that the Court involuntarily dismiss plaintiffs' actions pursuant to Fed. R. Civ. P. 16(f), Fed. R. Civ. P. 41(b), and the Court's inherent sanction power. The R&R recommends that involuntary dismissal is warranted in this case due to plaintiffs' failure to appear for three scheduled hearings before the Court, his willful disregard for the Court's orders, and his failure to heed the Court's warnings that his claims could be dismissed as a result. In his R&R, the Magistrate Judge informed plaintiff that, under the Federal Rules, he had fourteen days to file with the Court any objections to his R&R. Fed. R. Civ. P. 72(b)(2).

On October 7, 2011, defendant filed its response to the Court's show cause order. Having reviewed defendant's response to the order, the Court is satisfied with Counsel's explanation. Accordingly, the Court will not admonish defendant for its failure to appear at the rescheduled CMC. The Court, however, reminds counsel for defendant to pay closer attention to its orders and directives in the future.

Plaintiff, on the other hand, has not filed either a response to the Court's show cause order or objections to the R&R. The R&R was filed on September 28, 2011 and was mailed to plaintiff on September 29, 2011. Under the relevant statute:

> Within fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made […].

28 U.S.C. § 636(b)(1)(C). Under Fed. R. Civ. P. 6(d), and additional three days are added when computing service. Therefore, objections were not due until October 16, 2011, which fell on a Sunday. Under Rule 6(a)(1)(C), that extended the filing deadline to October 17, 2011. No objections were filed on or before the deadline.

The failure to file written objections to a Magistrate Judge's R&R constitutes a waiver of a *de novo* determination by the district court of an issue covered in the report. *Thomas v. Arn*, 728 F.2d 813 (6th Cir. 1984), *aff'd*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986); *see United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). The Court has reviewed the R&R and **ACCEPTS** the same.

Mr. Craddock has exhibited a complete disregard for the rules established for orderly case management. He has caused a lawsuit to be filed, yet has since failed to comply with even the most fundamental procedural rules. Specifically, he failed to attend the initial CMC, he failed to attend the rescheduled CMC, he failed to present a position statement to the Magistrate Judge, he failed to attend the mediation before the Magistrate Judge, and he has failed to respond to this Court's show cause order. In the process, he has wasted valuable Court resources and has prevented the Court from properly administering this case. Defendant has been

4

prejudiced by having to defend cases in which the plaintiff (Mr. Craddock) refuses to meaningfully participate. Further, he was given prior written notice that his failure to participate could result in sanctions up to and including dismissal of his claims. The Court finds that sanctions short of dismissal would not cure plaintiff's abject failure to comply with Court rules and orders, which has resulted in his failure to prosecute properly this case. *See Moreno v. Medtronic Sofamor Danek*, No. 06-2165, 2007 U.S. Dist. LEXIS 52115 (W.D. Tenn. July 18, 2007) (applying the Sixth Circuit standard and dismissing a case where pro se plaintiff failed to respond to motion for summary judgment and failed to respond to show cause order); *Johnson v. Schnelz*, No. 04-74930, 2006 U.S. Dist. LEXIS 10202, at *10 (E.D. Mich. Feb. 24, 2006) (applying Sixth Circuit standard enumerated in prior order and dismissing case after pro se Plaintiff failed to respond to show cause order). Accordingly, the Court hereby **DISMISSES WITH PREJUDICE** all of plaintiff's claims and cases.

**IT IS SO ORDERED**.

Dated: October 18, 2011

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**